**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JUSTIN HERRERA,

                Plaintiff,

vs.

                Case No.: 18 CV 06846

TERESA CLEVELAND; SAMUEL DIAZ;
AND ENRIQUE MARTINEZ (in their
individual capacities),

                Honorable Thomas M. Durkin

                Defendants.

## RESPONSE IN OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants Teresa Cleveland ("Cleveland"), Samuel Diaz ("Diaz"), and Enrique Martinez ("Martinez") have moved to dismiss Plaintiff, Justin Herrera's ("Herrera") Second Amended Complaint on the grounds that "Herrera failed to name the proper defendants before the expiration of the statute of limitations." [Dkt. 47, p.3]. Defendants' arguments fail for two critical reasons: (1) Herrera's claims against the individual defendants relate back to his timely filed *pro se* complaint; and (2) the statute of limitations was equitably tolled during various stages both preceding and during the instant litigation. As such, Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion") should be denied.

## FACTUAL BACKGROUND

The incident which is the subject of this action occurred on October 25, 2016, when Herrera was violently attacked by detainees at the Cook County Department of Corrections. Despite Herrera's pleas to Defendants for assistance, the Defendants deliberately ignored Herrera and failed to protect him from violence at the hands of the aggressive detainees. As a result of this deliberate indifference, Herrera suffered severe injuries.

After the incident, Herrera filed grievances with the Cook County Department of Corrections related to the injuries he suffered as a result of the Defendants' indifference. The grievance procedure was cleared and closed on March 13, 2017, without any corrective actions being taken.

Herrera, who was then in custody and has remained incarcerated since then, filed a *pro se* complaint against "Correctional Officers of Cook County Department of Corrections Division 11, receiving area, first shift" and listed three "John Doe" correctional officers as defendants. [Dkt. 1]. Herrera's original complaint, filed with the Court on October 9, 2018, alleged violations of his civil rights under 42 U.S.C. §1983. On that same day, Herrera filed a motion for attorney representation. [Dkt. 4].

On December 17, 2018, this Court entered an order pursuant to its duties under 28 U.S.C. §§1915(e)(2) and 1915(A)(a), finding that Herrera's original complaint "state[ed] colorable federal causes of action under 42 U.S.C. §1983." [Dkt. 8]. Unfortunately, this order also denied Herrera's motion for attorney representation. *Id.* Instead, Cook County Sheriff Tom Dart ("Sheriff Dart") was added as a nominal defendant for purposes of discovery. Counsel for Sheriff Dart filed his appearance on January 18, 2019. [Dkt. 11].

After attempts by Herrera to identify the "John Doe" defendants without aid of counsel, the Court, *sua sponte*, appointed attorney Todd Gale to represent Herrera on May 28, 2019. [Dkt. 24]. Todd Gale and Katie Welch filed their appearances on June 17, 2019. [Dkt. 26 and 27]. After conducting formal and informal discovery from Sheriff Dart and subpoenaing records from various third-party entities, Herrera, through counsel, was able to identify two of the three "John Doe" defendants. Herrera filed his First Amended Complaint naming Cleveland and Diaz as defendants

on October 3, 2019. [Dkt. 34]. Defendants Cleveland and Diaz waived service of summons and the same attorney that represented Sheriff Dart filed appearances on their behalf. [Dkt. 35 and 36].

Herrera continued to seek information regarding the identity of the final John Doe defendant through formal and informal discovery. After receiving video footage of the incident and directing interrogatories to Defendants Cleveland and Diaz, Herrera was able to identify the final "John Doe" defendant as Enrique Martinez. On December 12, 2019, Herrera filed his Second Amended Complaint adding Enrique Martinez as a defendant. [Dkt. 42].

Defendants now claim that the amendments to the original complaint were untimely and move to dismiss Herrera's Second Amended Complaint.

## STANDARD OF REVIEW

In deciding a motion to dismiss, the court "must take as true all well-pleaded factual allegations and all reasonable inferences that may be drawn therefrom." *Mid Am. Title Co. v. Kirk*, 991 F.2d 417, 419 (7th Cir. 1993). Under the federal rules' notice pleading standard, a complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). "In analyzing whether a complaint has met this standard, the 'reviewing court [must] draw on its judicial experience and common sense.'" *Solivan v. Dart*, 897 F. Supp. 2d 694, 699 (N.D. Ill. 2012) *citing Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "The statute of limitations is an affirmative defense, and a plaintiff is not required to negate an affirmative defense in his complaint." *Tregenza v. Great Am. Commc'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993).

## ARGUMENT

**I.** **Defendants' Motion Fails Because it is Not Clear From the Allegations in the Complaint that the Statute of Limitations Has Run on Herrera's Claims.**

At the outset it must be noted that "complaints need not allege facts that tend to defeat affirmative defenses. The right question is whether it is possible to imagine proof of the critical facts consistent with the allegations actually in the complaint." *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 628 (7th Cir. 2003). As such, Defendants' "argument must fail with respect to the statute of limitations question on a motion to dismiss where it is not clear from the face of the complaint that the statute of limitations has run." *McKee v. Brady*, No. 88 C 20035, 1990 U.S. Dist. LEXIS 19151, at *14 (N.D. Ill. May 14, 1990). The argument below demonstrates that it is possible to imagine proof of the critical facts consistent with Herrera's allegations and that it is not clear from the face of those allegations that the statute of limitations has run. As such, Defendants' Motion necessarily must fail.

**II.** **The Statute of Limitations Does Not Bar Herrera's Claims Against the Defendants Because Herrera's Second Amended Complaint Relates Back to His Timely Filed *Pro Se* Complaint.**

Herrera timely filed his failure to protect and denial of medical care claims within the two year statute of limitations period. The incident occurred on October 25, 2016, and Herrera's original complaint was filed on October 8, 2019.[1] [Dkt. 1]. Therefore, pursuant to Federal Rule of Civil Procedure 15(c), the Second Amended Complaint naming Cleveland, Diaz, and Martinez relates back to the original complaint and is not barred by the statute of limitations.

---

[1] For the limited purposes of Section II, Herrera does not account for the periods where the statute of limitations was equitably tolled during various stages both preceding and during the instant litigation, which argument will be addressed in Section III.

4

Defendants' Motion fails to meaningfully address the doctrine of "relation back" as applied to Herrera's claims. "[A]n amendment adding defendants can relate back to the filing of the original complaint for statute of limitations purposes if the requirements of Rule 15(c) are fulfilled." *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 557 (7th Cir. 1996). Federal Rule of Civil Procedure 15(c)(1)(C) provides:

> "An amendment to a pleading relates back to the date of the original pleading when:… the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

"Prior to 2010, Seventh Circuit cases had held that '[a] plaintiff's lack of knowledge about a defendant's identity is not a 'mistake' within the meaning of Federal Rule of Civil Procedure 15(c) such that the plaintiff could amend his complaint outside the statute of limitations period upon learning the defendant's identity.'" *Brown v. Deleon*, No. 11 C 6292, 2013 U.S. Dist. LEXIS 102067, at *13 (N.D. Ill. July 18, 2013). However, "[i]n *Krupski*, the Supreme Court discussed what is meant by 'mistake' as used in Rule 15(c)(1)(C), and included 'inadequate knowledge' as a type of mistake." *Id.* at *15, *citing Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 549 (2010). The Supreme Court in *Krupski* held that "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Krupski,* 560 U.S. at 541.

This Court has acknowledged the shift in Supreme Court case law. In *Solivan v. Dart*, 897 F.Supp.2d 694 (N.D. Ill. 2012), the court allowed an amended complaint naming individual officers to relate back to an earlier "John Doe" complaint, even though the statute of limitations had passed prior to the filing of the amended complaint. Applying the court's logic to the instant

action, Defendants knew or should have known within the period provided by Rule 4(m) that Herrera would have sued them but for a mistake. Herrera's original complaint named "Correctional Officers of Cook County Department of Corrections Division 11, receiving area, first shift" and listed three "John Doe" correctional officer defendants. [Dkt. 1]. Though the specific identities of the Defendants were unknown to Herrera at that time, he identified the "John Doe" defendants the best he could based on their shift times on specific dates and in specific locations. *See Solivan*, 897 F. Supp. 2d at 702.

After this Court conducted its review pursuant to its duties under 28 U.S.C. §§1915(e)(2) and 1915(A)(a), a summons was issued for Sheriff Dart on December 17, 2018. [Dkt. 9]. On January 16, 2019, thirty days after issuance of the summons, a waiver of service was executed by Sheriff Dart and filed with the Court. [Dkt. 10]. Ryan Suniga, attorney for Sheriff Dart, filed his appearance two days later on January 18, 2019. [Dkt. 11]. As such, the timeline of Rule 4(m) was satisfied for notice on Sheriff Dart.

After Herrera filed his Second Amended Complaint, the same assistant state's attorney that represented Sheriff Dart filed appearances on behalf of the individual Defendants. [Dkt. 46]. The fact that the same attorney represented both Sheriff Dart and the individual Defendants provides evidence they "are intertwined to such an extent that service on the former provided the latter with sufficient notice of the lawsuit when [plaintiff] initially filed it." *White v. City of Chicago*, No. 14 cv 3720, 2016 U.S. Dist. LEXIS 107438, at *43-44 (N.D. Ill. Aug. 15, 2016). "Where the defendant has received adequate notice and therefore the policy behind the statute of limitations is not implicated, the Court must construe Rule 15(c) 'liberally . . . to effectuate the general purpose of seeing that cases are tried on the merits and to dispense with technical procedural problems.'" *Id.* at *43.

In the instant action, notice to Sheriff Dart constitutes notice to the individual Defendants. As the Defendants received adequate notice of Herrera's claims, the Second Amended Complaint relates back to the Herrera's timely filed original complaint. Further, the Defendants were not prejudiced in defending this case on the merits by any delay, nor could they claim to be. Therefore, Defendants' Motion should be denied.

### III. The Statute of Limitations was Equitably Tolled.

Not only does the Second Amended Complaint relate back to the original complaint under Fed. R. Civ. P. 15(c), but equitable tolling also applies. "The doctrine of equitable tolling 'permits a plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on his part he was unable to sue before, even though the defendant took no active steps to prevent him from suing.'" *Donald*, 95 F.3d at 561. In the instant action, the statute of limitation was tolled while Herrera completed the administrative grievance process, while the Court conducted its preliminary evaluation of the *pro se* complaint, and while the motion for attorney representation was pending.

### A. The Statute of Limitations was Equitably Tolled While Herrera Completed the Administrative Grievance Process.

While a two year statute of limitations applies to 42 U.S.C. §1983 claims, "the limitations period is tolled while a prisoner completes the administrative grievance process." *Walker v. Sheahan*, 526 F.3d 973, 978 (7th Cir. 2008); *see also Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). After the incident, Herrera filed a grievance with the Cook County Department of Corrections which grievance procedure did not conclude until March 13, 2017. *See* CCSAO HERRERA 000046 – 000049 attached hereto as **Exhibit 1**. On March 13, 2017, "Investigator Reed" reviewed the incident report and cleared and closed the case, citing Herrera's decision to

decline formal prosecution. As such, the two year statute of limitations period did not begin to run until at least March 13, 2017. This was 139 days after the date of the incident in question.

**B.** **The Statute of Limitations was Equitably Tolled While the Court Conducted its Preliminary Evaluation of Herrera's *Pro Se* Complaint.**

Further, the Seventh Circuit has held that the statute of limitations may be equitably tolled while courts preliminarily screen *pro se* prisoner complaints. *See Stewart v. Special Adm'r of Estate of Mesrobian*, 559 F. App'x 543, 547-48 (7th Cir. 2014); *see also Paulk v. Dep't of the Air Force*, 830 F.2d 79, 83 (7th Cir. 1987). The Court did not complete its preliminary screening of Herrera's *pro se* complaint until December 17, 2018, when it issued its order declaring that the complaint "state[ed] colorable federal causes of action under 42 U.S.C. §1983." As such, the statute of limitations was tolled from the date Herrera filed his *pro se* complaint until at least December 17, 2018.

**C.** **The Statute of Limitations was Equitably Tolled while Herrera's Motion for Appointment of Counsel Was Pending.**

Additionally, the statute of limitations is tolled when the *pro se* defendant has filed an application for appointment of counsel. *See Paulk*, 830 F.2d at 83; *see also Donald*, 95 F.3d at 562. And, when a court denies a motion for appointment of counsel which denial inhibits the *pro se* plaintiff's ability to identify certain unknown officials, the statute of limitations is tolled further. *See Donald*, 95 F.3d at 562; *see also Bryant v. City of Chicago*, 746 F.3d 239, 243 (7th Cir. 2014).

Herrera filed his motion for appointment of counsel the same day he filed his complaint. [Dkt. 4]. Herrera's motion was denied on December 17, 2018. [Dkt. 8]. An attorney was not appointed until May 28, 2019, and Todd Gale did not file his appearance until June 17, 2019. [Dkt. 26]. This was 251 days after Herrera filed his motion for appointment of an attorney. [Dkt. 24]. Once appointed, Herrera's attorneys were only able to identify the individual defendants after multiple rounds of formal discovery and hours of video footage review. It is unclear how Herrera

was expected to identify the Defendants without assistance of counsel, given the fact that inmates at Illinois River Correctional Facility are denied access to video footage outside of legal meetings. The denial of Herrera's motion for attorney representation in December inhibited his ability to identify certain unknown officials. As such, the statute of limitations should be equitably tolled from the date Herrera filed his *pro se* complaint to the date Todd Gale filed his appearance on behalf of Herrera.

Adding together the days that the limitations period was tolled for the grievance process (139 days) and the days until Todd Gale was appointed to represent Herrera (251 days), the statute of limitations was tolled for 390 days. This is more than enough time to encompass the First Amended Complaint naming Cleveland and Diaz as defendants. Further, information was not given to Herrera or his attorneys identifying Martinez as a defendant until November 29, 2019. The doctrine of equitable tolling "permits a plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on his part he was unable to sue before, even though the defendant took no active steps to prevent him from suing." *Donald*, 95 F.3d at 561. Through no fault of Herrera, he could not have sued Martinez by name before November 29, 2019, as Martinez's name was not listed in any report related to the incident. As such, equitable tolling also applies to encompass the filing of Herrera's Second Amended Complaint naming Martinez as a defendant.

### D. Herrera Exercised Reasonable Diligence to Determine the Identities of the "John Doe" Defendants.

Defendants argue that Herrera's delay in issuing formal discovery after Sheriff Dart was named as a defendant for identification purposes somehow demonstrates a lack of diligence on Herrera's part. Not so. In fact, this Court's own minute entry instructed Herrera that no further action was required of him until Sheriff Dart answered his complaint. [Dkt. 13]. On January 24,

2019, the minute entry read: "The U.S. marshal already filed a returned waiver of service for Defendant Dart. At this time, *no action on the part of Plaintiff is required*. The Court is awaiting Defendant's answer (due March 18, 2019)." [Dkt. 13] (emphasis added).

Rather than filing an answer, on March 18, 2019, Sheriff Dart filed a Motion for Entry of an Order in Lieu of Defendant Dart's Answer. [Dkt 15]. Shortly thereafter, on April 2, 2019, Herrera sent a letter to the Court requesting information regarding the identities of the "John Doe" defendants. [Dkt. 19]. On May 22, 2019, Herrera sent a second letter to the Court requesting information regarding the identities of the John Doe defendants. [Dkt. 23]. This shows that Herrera diligently sought to identify the correctional officers that had violated his constitutional rights. Herrera should not now be prevented from reaching the merits of his case.

## CONCLUSION

As stated above, the claims against the Defendants in Herrera's Second Amended Complaint are not barred by the statute of limitations because such claims relate back to his timely filed *pro se* complaint. Further, the statute of limitations was equitably tolled while Herrera completed the administrative grievance process, while the Court conducted its preliminary evaluation of the *pro se* complaint, and while the motion for attorney representation was pending.

For the foregoing reasons, Plaintiff, Justin Herrera, respectfully requests that this Honorable Court deny Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint.

Date: February 21, 2020                     Respectfully Submitted,


                                            Plaintiff Justin Herrera


                                            By: _Katie Welch_____
                                                One of his attorneys

10

Todd Gale (TGale@dykema.com)
IL State Bar No. 6229288
Katie J. Welch (KWelch@dykema.com)
IL State Bar No. 6330618
DYKEMA GOSSETT PLLC
10 S. Wacker Drive, Suite 2300
Chicago, Illinois 60606
(312) 876-1700
(312) 876-1155 (fax)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JUSTIN HERRERA,<br><br>              Plaintiff,<br><br>vs.<br><br>TERESA CLEVELAND; SAMUEL DIAZ;<br>AND ENRIQUE MARTINEZ (in their<br>individual capacities),<br><br>              Defendants. | Case No.: 18 CV 06846<br><br>Honorable Thomas M. Durkin |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on February 21, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

By: _/s/ Katie J. Welch_
Katie J. Welch