UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUSTIN HERRERA,<br><br>    Plaintiff,<br><br>v.<br><br>TERESA CLEVELAND; SAMUEL DIAZ; and ENRIQUE MARTINEZ,<br><br>    Defendants. | No. 18 C 6846<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Justin Herrera alleges that Defendants—three Cook County Jail correctional officers—failed to protect him from other detainees. Defendants have moved to dismiss the complaint as untimely. R. 47. That motion is denied.

**Legal Standard**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

Additionally, a "plaintiff is not required to plead elements in his or her complaint that overcome affirmative defenses, such as statute-of-limitations defenses." *NewSpin Sports, LLC v. Arrow Elecs., Inc.*, 910 F.3d 293, 299 (7th Cir. 2018). "But when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012).

**Background**

Herrera was a detainee at the Cook County Jail. On October 25, 2016, Herrera was temporarily placed in a holding cell with other detainees upon return from a court appearance to await escort back to their usual cells. While in the holding cell, a group of detainees physically assaulted Herrera. Defendants were assigned to monitor the holding cell. Herrera alleges that he called for help prior to and during the assault, but Defendants ignored his pleas until he was already severely injured. Herrera also alleges that he nearly had to have a part of his lip amputated because Defendants delayed taking him to the hospital by hours.

2

Herrera originally filed this case pro se on October 9, 2018, naming three "John Doe" correctional officers. He also filed a motion for attorney representation. On December 17, 2018, the Court denied the motion for attorney representation and directed the Marshall to serve the Sheriff, who is Defendants' employer. In that order, the Court "urge[d] Plaintiff to identify and name the real parties in interest as soon as possible in order to avoid potential statute of limitations problems." R. 8 at 4.

The Sheriff filed a waiver of service on January 16, 2019, but Herrera filed a motion for an extension of time to complete service six days later. In response, the Court entered an order informing Herrera that service had been completed, and "[a]t this time, no action on the part of Plaintiff is required. The Court is awaiting Defendant's answer (due March 18, 2018)." R. 13. On March 18, the Sheriff filed a motion seeking an exemption from filing an answer, which the Court granted. R. 15; R. 17. The Court then set a status hearing for April 10, 2019. R. 18.

Eight days before the scheduled status hearing, Herrera sent a letter to the Sheriff, with a copy to the Court, seeking information about the identities of the correctional officers on duty when he was assaulted. *See* R. 19; R. 21. At the status hearing on April 10, the Sheriff's counsel said he would respond to Herrera's requests. At the next status hearing on May 28, Herrera said that the information he had received from the Sheriff allowed him to identify two of the three officers, but he had yet to identify the third. After further discussion with Herrera, the Court determined that Herrera could not effectively prosecute the case because he was incarcerated, and after the hearing, the Court entered an order recruiting counsel to represent

Herrera. R. 24. Herrera, through his recruited counsel, filed an amended complaint naming defendants Teresa Cleveland and Samuel Diaz on October 3, 2019. R. 34. After further discovery, Herrera filed a second amended complaint adding defendant Enrique Martinez on December 10, 2019. R. 42.

**Analysis**

Defendants argue that Herrera's claims are barred by the applicable two-year statute of limitations. Herrera filed this case 17 days before the two-year anniversary of the incident. But Herrera did not name any of the defendants until October 3 and December 12, 2019, about a year late. Therefore, Herrera's claims are time-barred unless his amended complaints relate back to his original complaint, or an equitable doctrine applies.

"[A]n amendment adding defendants can relate back to the filing of the original complaint for statute of limitations purposes if the requirements of Rule 15(c) are fulfilled." *Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 557 (7th Cir. 1996). Rule 15(c)(1)(C)(ii) states that the amendment relates back if the defendants "knew or should have known that the action would have been brought against them but for a mistake concerning the proper party's identity." Relation back under Rule 15 "depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Krupski v. Costa Cociere S.p.A.*, 560 U.S. 538, 541 (2010).

The Seventh Circuit has held that Rule 15's "mistake" requirement is not satisfied if the plaintiff simply lacks knowledge concerning, or is ignorant of, the

4

identity of the prospective defendant. *See Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006). But this Court has explained why *Hall's* holding is inconsistent with the Supreme Court's more recent holding in *Krupski v. Costa Cociere*. *See White v. City of Chicago*, 2016 WL 4270152, at *15 (N.D. Ill. Aug. 15, 2016). And many courts in this district have agreed with *White's* reasoning and found that amendments identifying previously unidentified defendants relate back to the timely filed original complaint, despite the Seventh Circuit's earlier holding to the contrary. *See, e.g., Haroon v. Talbott*, 2017 WL 4280980, at *7 (N.D. Ill. Sept. 27, 2017) (approving of a "defendant-focused analysis [that] applies whether the plaintiff sues the wrong defendant because of a misunderstanding or sues a fictitious defendant because of a lack of knowledge."); *Clair v. Cook County*, 2017 WL 1355879, at *4 (N.D. Ill. Apr. 13, 2017) (after *Krupski*, "the court must limit its inquiry under Rule 15(c)(1)(C)(ii) to what the newly named defendants knew or should have known"); *Bilik v. Hardy*, 2019 WL 4735394, at *4 (N.D. Ill. Sept. 27, 2019) (same); *McWilliams v. City of Chicago.*, 2018 WL 4404653, at *4 (N.D. Ill. Sept. 17, 2018) (same); *Brainer v. Dart*, 2018 WL 1519154, at *4 (N.D. Ill. Mar. 28, 2018) (same).

Defendant points out that the Seventh Circuit has at least three times since *Krupski* cited *Hall's* rule that a plaintiff's lack of knowledge is not a Rule 15 mistake. *See Mohamed v. WestCare Ill., Inc.*, 786 Fed. App'x 60, 61 (7th Cir. Nov. 26, 2019); *Flournoy v. Schomig*, 418 Fed. App'x 528, 532 (7th Cir. 2011); *Vance v. Rumsfeld*, 701 F.3d 193, 211 (7th Cir. 2012). But as the Court noted in *White*, these cases "merely cite to the John Doe rule without questioning its continuing validity" in light of

*Krupski*. *See White*, 2016 WL 4270152, at *17. Furthermore, in at least two of those cases—*Mohamed* and *Vance*—the plaintiff *never* identified the John Doe defendants. The Seventh Circuit had no occasion to determine whether late identification complied with Rule 15 in light of *Krupski*. Thus, the Court will continue to abide by *White's* reasoning, and find that *Krupski* serves to overrule *Hall*.

Under *Krupski*, to determine whether a claim is timely, "the Court must have before it some record of what the newly added defendants knew about a plaintiff's lawsuit before they were added." *Hawks v. Gade*, 2018 WL 2193197, at *4 (N.D. Ill. May 14, 2018). But "[s]uch evidence is rarely before the Court on a motion to dismiss," so dismissal on that basis is rare. *Id.*; *see also Brainer*, 2018 WL 1519154 at *4 (inquiry into what new defendants knew or should have known "not appropriate" at pleadings stage); *Harris v. Dart*, 2020 WL 60201, at *4 (N.D. Ill. Jan. 6, 2020) (same); *Phillips v. Help at Home, LLC*, 2019 WL 266211, at *8-9 (N.D. Ill. Jan. 18, 2019) (same). Nothing in the pleadings in this case makes it an exception to that rule.[1]

## Conclusion

Therefore, Defendants' motion to dismiss [47] is denied.

ENTERED:

*(signature)*

Honorable Thomas M. Durkin
United States District Judge

Dated: April 1, 2020

---

[1] In light of this decision, it is unnecessary to decide whether any equitable doctrine applies here.

6