# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Justin Herrera, | ) | |
| | ) | |
| Plaintiff, | ) | 18 C 6846 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Thomas R. Durkin |
| Teresa Cleveland, Samuel Diaz, and | ) | |
| Enrique Martinez, | ) | |
| | ) | |
| Defendants. | ) | |

## Defendants' Motion to Certify Pursuant to 28 U.S.C. § 1292(b)

Now comes the Defendants, Teresa Cleveland, Samuel Diaz, and Enrique Martinez (collectively "Defendants"), by and through their attorney, Kimberly M. Foxx, State's Attorney of Cook County, through her Assistant State's Attorney, Ryan D. Suniga, pursuant to 28 U.S.C. § 1292(b), and state as follows in support of their motion to certify:

## Background

Plaintiff Justin Herrera submitted his original complaint in this case on September 19, 2018. (Dkt. 1). In it, he alleged that he was the victim of an inmate-on-inmate attack on October 26, 2016 while a pretrial detainee at Cook County Jail and filed suit against "Correctional Officers of Cook County Department of Corrections Division 11 receiving area first shift." (Dkt. 9). The Court, per 28 U.S.C. §§ 1915(e)(2) and 1915A(a), conducted its initial screening review of Herrera's Complaint, and issued its order on December 17, 2018. (Dkt. 8).

This Court permitted Herrera to proceed with claims based on failure-to-protect and failure to provide medical care theories. (*Id.*). However, because Herrera had not sued any specific individual, this Court, *sua sponte*, added Thomas Dart, Sheriff of Cook County ("Dart")

as a nominal defendant in the case. (*Id.*). Subsequently, an executed waiver of service for Sheriff Dart was filed on the docket on January 16, 2019; and counsel appeared on Dart's behalf two days later on January 18, 2019. (Dkt. 10; Dkt. 11).

A few months later, Dart filed a motion for an order in lieu of answer, which requested that Dart be exempted from submitting an answer to Herrera's Complaint since he was named for nominal purposes only, which was granted. (Dkt. 15; Dkt. 17). On April 2, 2019, Herrera mailed a letter to the Court for the first time requesting discovery from Sheriff Dart. (Dkt. 21). After Sheriff Dart complied with this request, Herrera submitted a supplemental discovery request (again filed with the Court rather than submitted directly to counsel). (Dkt. 23). On May 28, 2019 after a status hearing, the Court *sua sponte* recruited counsel to assist Herrera with identifying the correct individual defendants. (Dkt. 28). On December 10, 2019, all individual defendants were finally named (two individual defendants were named in Herrera's First Amended Complaint on October 3, 2019). (Dkt. 34; Dkt. 42).

Thereafter, Defendants moved to dismiss Herrera's Second Amended Complaint on the grounds that the applicable statute of limitations barred this complaint. (Dkt. 47). The Court denied Defendants' motion, relying on *White v. City of Chicago*, 2016 WL 4270152 (N.D. Ill. Aug. 15, 2016), and its holding that amendments identifying previously named "John Doe" defendants relate-back to a timely filed original complaint. (Dkt. 54).

Defendants now seek certification for an interlocutory appeal under 28 U.S.C. § 1292(b) to determine an important legal question that this circuit has not answered: whether naming a "John Doe" defendant in lieu of an actual litigant constitutes a "mistake" under Fed. R. Civ. P. 15(c).

# Standard of Review

Motions for interlocutory appeal are governed by 28 U.S.C. § 1292(b), which provides:

> When a district court judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

A district court follows four statutory criteria in determining whether a Section 1292(b) petition should be granted: "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). "Unless *all* these criteria are satisfied, the district court may not and should not certify its order to [the Seventh Circuit] for an immediate appeal under section 1292(b)." *Id.* (emphasis in original). The Court must also be conscious of the fact that interlocutory appeals are generally frowned upon. *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012). That said, "all that section 1292(b) requires as a precondition to an interlocutory appeal, once it is determined that the appeal presents a controlling question of law on which there is a substantial ground for a difference of opinion, is that an immediate appeal *may* materially advance the ultimate termination of the litigation." *Id.* (emphasis in original).

The four *Ahrenholz* factors apply with full force here. As discussed below, this Court should certify the question of whether naming a "John Doe" defendant in lieu of an actual litigant constitutes a "mistake" under Fed. R. Civ. P. 15(c) for permissive appeal to the Seventh Circuit under Section 1292(b).

## Argument

Defendants request that the Court grant Defendants' permission to appeal the April 2, 2020 Order entered in this case. (*See* Dkt. 54, attached as Exhibit A). Specifically, Defendants request that the Court certify the following question:

    1.    Whether naming a "John Doe" defendant in lieu of an actual litigant constitutes a "mistake" under Fed. R. Civ. P. 15(c)?

This petition meets all four requirements for a permissive appeal under 28 U.S.C. § 1292(b). First, the issue presented is clearly a question of law because it is not based on a particular set of facts. Rather, the issue deals with the scope of what constitutes a "mistake" in light of the Supreme Court's decision in *Krupski v. Costa Cociere S.p.A.*, 560 U.S. 538 (2010). Second, the issue is controlling: if naming a John Doe placeholder does not constitute a mistake, then Herrera's claims are time-barred and this case should be dismissed with prejudice.

Third, the issue presented is contestable, as the Court itself explicitly acknowledged in *White v. City of Chicago*, 2016 U.S. Dist. LEXIS 107438, at *55 (N.D. Ill. 2016) ("Many district courts in this circuit, however, have continued to apply the John Doe rule after *Krupski*, typically without any acknowledgement of *Krupski*"). Indeed, the Court meticulously explained in *White* the history and evolution of the mistake exception under the relation-back doctrine, noting the discrepancy between the traditional John Doe rule and *Krupski*'s effect on the relation-back analysis. *Id.* at *48-68. In addition, the Court's April 2nd order also recognized that "[t]he Seventh Circuit [has] had no occasion to determine whether late identification complied with Rule 15 in light of *Krupski*. (Dkt. 54, at p. 6). And while the Court was correct in its order that several courts have adopted the reasoning set forth in *White*, several more courts have not—continuing to the follow the traditional John Doe rule even after *Krupski*. *Compare Haroon v. Talbott*, 2017 WL 4280980, at *7 (N.D. Ill. Sept. 27, 2017) (following *White*); *Clair v. Cook*

*County*, 2017 WL 1355879, at *4 (N.D. Ill. Apr. 13, 2017) (same); *with Cole v. Lemke*, 2018 U.S. Dist. LEXIS 68949, at *15 (N.D. Ill. April 24, 2018) ("*Krupski* involved a mistake of identity and was not a John Doe case. Additionally, the Seventh Circuit has not directly addressed the impact of *Krupski* on the John Doe rule"); *Stoller v. Dart*, 2013 U.S. Dist. LEXIS 70541, at *14 (N.D. Ill. May 17, 2013) ("In sum, courts do not permit relation back under Federal Rule of Civil Procedure 15(c)(1)(C) where the plaintiff simply did not know whom to sue") (internal citations omitted); *Mihelic v. Will Cnty., Ill.*, 826 F. Supp. 2d 1104, 1116 (N.D. Ill. 2011) ("Because lack of knowledge is not a mistake, the Court finds that Plaintiff's First and Second Amended Complaints do not relate back to the initial complaint").

In fact, Seventh Circuit opinions after *Krupski* still continue to state that a plaintiff's lack of knowledge is not a Rule 15 mistake. *See Mohamed v. WestCare Ill., Inc.*, 786 Fed. App'x 60, 61 (7th Cir. Nov. 26, 2019); *Flournoy v. Schomig*, 418 Fed. App'x 528, 532 (7th Cir. 2011); *Vance v. Rumsfeld*, 701 F.3d 193, 211 (7th Cir. 2012). Other circuits that have also considered this issue have concluded the opposite of *White*. *See Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013); *Locklear v. Bergman & Beving AB*, 457 F.3d 363, 367-68 (4th Cir. 2006); *Smith v. City of Akron*, 467 F. App'x 67, 69 (6th Cir. 2012); *Heglund*, 871 F.3d at 580 (8th Cir. 2017); *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004); *see also Brodsky v. HumanaDental Ins. Co.,* 2014 U.S. Dist. LEXIS 137416, at *17-18 (N.D. Ill. 2014) (considering rulings of other courts and circuits in determining contestability of issue under 28 U.S.C. § 1292(b)). Consequently, the question presented is certainly contestable under 28 U.S.C. § 1292(b).

Lastly, resolution of this issue may materially advance the ultimate determination of this case. Again, the question of material advancement is not whether a decision *will* resolve the litigation, but whether it *may*. *Sterk*, 672 F.3d at 536. Certification of this appeal is almost certain

to do so. If Herrera's claims do not relate-back under the mistake exception, then his claims are time-barred. And although the Court declined to consider whether equitable tolling applied to Herrera's Second Amended Complaint, Defendants contend that it is inapplicable and thus, if correct, this case would be dismissed with prejudice. (*See* Dkt. 47; Dkt. 51).

An interlocutory appeal will not delay this case. If, for example, the Seventh Circuit adopt Defendants' argument and remands the case for further proceedings on the equitable tolling arguments, the parties could simply adopt their positions argued in the motion to dismiss briefing, or provide short supplemental briefs on the issue at this Court's discretion. Any delay caused by an interlocutory appeal, therefore, would be minimal at best. Moreover, the benefits of clarification on this issue far exceed any temporary delay. Not only will this case benefit from a conclusive ruling on this question, but other district courts in this circuit will likewise benefit as this is a frequently litigated issue, especially in Section 1983 cases. *See, e.g.*, *Demus v. Dart, et al*, Case No. 17-cv-1981, Dkt. No. 82 (N.D. Ill. January 13, 2020); *Giles v. Dart, et al*, Case No. 19-cv-1363, Dkt. No. 26 (N.D. Ill. Nov. 18, 2019).

WHEREFORE, Defendants respectfully request that this Court enter an order granting Defendants' Motion to Certify Pursuant to 28 U.S.C. § 1292(B).

    Respectfully Submitted,

    KIMBERLY M. FOXX
    State's Attorney of Cook County

By:    */s/ Ryan D. Suniga*
    Ryan D. Suniga
    Assistant State's Attorney
    Richard J. Daley Center
    Chicago, IL 60602
    (312) 603-7930