**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JUSTIN HERRERA, | |
| Plaintiff, | No. 18 C 6846 |
| v. | Judge Thomas M. Durkin |
| TERESA CLEVELAND; SAMUEL DIAZ; and ENRIQUE MARTINEZ, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Justin Herrera alleges that Defendants—three correctional officers at the Cook County Jail (the "Jail")—failed to protect him when he was attacked by other detainees. At an off-the-record conference to discusses the feasibility of summary judgment, Defendants indicated that they intended to argue that Herrera had failed to exhaust administrative remedies. Accordingly, the Court held a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), and the parties have filed cross motions for a ruling on the exhaustion issue. Defendants also seek summary judgment based on the contention that Herrera failed to exhaust. Defendants' motion is granted and Herrera's motion is denied.

**Analysis**

As an initial matter, Herrera argues that Defendants' motion for summary judgment is procedurally improper because Defendants failed to follow the Court's custom (described on the Court's website) of holding an informal conference with the parties before the filing of a summary judgment motion. *See* R. 108 at 1-3. This is a

curious argument because the Court did in fact hold such a summary judgment conference with the parties on October 7, 2022. *See* R. 92. It was at that conference that the Court determined that a *Pavey* hearing was necessary, because as Herrera points out, "issues of material fact" exist that required such a hearing. *See* R. 108 at 2.

Herrera also argues that summary judgment is procedurally improper because the credibility findings Defendants ask the Court to make are not permissible on summary judgment. *See* R. 108 at 1-3. But the Court scheduled the *Pavey* hearing to establish a basis to make the necessary factual findings, including credibility determinations, to decide whether Herrera satisfied the exhaustion requirement. Having followed this procedure, the Court will not make factual findings and credibility determinations on summary judgment, but prior to it. Defendants' motion for summary judgment is premised on the assumption that the Court will make factual findings favorable to them. Only then would summary judgment be proper. This is a frequently used and well-established procedure according to Seventh Circuit precedent. *See, e.g., Bolden v. Mezo*, 2023 WL 4488861 (7th Cir. July 12, 2023); *Mohammad v. Lashbrook*, 2023 WL 4340701 (7th Cir. July 5, 2023); *King v. Dart*, 63 F.4th 602 (7th Cir. 2023). It is hardly a reason to deny Defendants' motion.

On to the merits. Herrera was attacked on October 25, 2016. He testified that he filed a grievance about the incident by handing it to a corrections officer on October 27, 2016. *See* R. 102 at 42. Neither the Jail nor Herrera have a record of this grievance being filed.

Herrera also testified that when he had received no response to the grievance after five months, he filed another grievance about the attack in March 2017. *See* R. 102 at 44. As with the first alleged grievance about the attack, neither the Jail nor Herrera have a record of this second grievance being filed.

In contrast to the lack of documentary evidence that Herrera filed a grievance about the attack, the County's records show that Herrera successfully filed six grievances about other issues. *See* R. 107 at 4-5 (¶¶ 19-24). One was filed before the attack and five were filed after. *See id.* Herrera received responses an average of 18 days after filing the grievances. *See id.* (response times of 12, 51, 1, 19, 5, and 19 days)

Defendants have the burden to demonstrate that Herrera failed to administratively exhaust his claims. *See Smallwood v. Williams*, 59 F.4th 306, 315 (7th Cir. 2023). But this does not mean that Defendants must "prove to a statistical certainty" that Herrera did not file a grievance. *See Ray v. Clements*, 700 F.3d 993, 1010 (7th Cir. 2012). Rather, Defendants can meet their burden by showing that they have a system for collecting and recording grievances, and that no record of Herrera's grievance exists. *See id.* ("The state "will be the only party with access to at least some of the evidence needed to resolve such questions. It could, for example, produce 'prison mail logs' or present the (likely non-adverse) testimony of the prison official who allegedly handled the prisoner's mail.").

Herrera contends that the County mishandled the grievances he filed about his attack. *See* R. 106 at 5. But he does not argue that the County lacks a system for collecting and recording grievances. The evidence shows that the County has such a

3

system. The process for submitting grievances is detailed in a handbook given to all detainees at the Jail. *See* R. 102 at 93. Herrera testified that he did not receive this handbook immediately upon entering the Jail, but that he received it several months later and was able to learn how to submit grievances from other detainees. *See id.* at 18. He successfully submitted grievances before and after the attack at issue in this case. The Jail's Director of Inmate Services, John Mueller, testified that the Jail administration maintains databases both for intake of grievances and storage. *See id.* at 88-92. This is sufficient evidence for the Court to find that the Jail maintained a database for recording grievances. And the fact that the database does not include a grievance from Herrera about the attack is sufficient evidence for the Court to find that Herrera did not submit any such grievance.

The only evidence to the contrary is Herrera's testimony that he submitted grievances about the attack. But Herrera demonstrated on other occasions that he is capable of successfully filing a grievance and the Jail has records of those grievances. This indicates that if Herrera filed grievances about the attack, then they should be in the Jail's database.

Further, Herrera's testimony that he waited five months to resubmit his grievance after not receiving a response is not credible when Herrera received responses within 18 days of filing his other grievances (on average), and at most 51 days later. Based on his experience of receiving responses to grievances within 18-51 days, Herrera would have been expected to follow up on a lack of response to a grievance about his attack much sooner than five months later.

4

For this reason, the Court discredits Herrera's testimony and gives greater weight to the fact that the Jail database has no record of Herrera's grievances about the attack. Crediting evidence of the Jail's record-keeping over Herrera's testimony, the Court finds that Herrera did not submit grievances about the incident in this case. And because Herrera did not submit a grievance about his attack, he failed to exhaust administrative remedies and summary judgment must be granted to Defendants on Herrera's claims. The Seventh Circuit has affirmed district court findings that prisoner testimony of filed grievances was not credible when there is no record of the grievance in prison records. *See Wallace v. Baldwin*, 55 F.4th 535, 544-45 (7th Cir. 2022) ("Based on these records, the district court did not clearly err in finding that Santos was not credible and did not submit a double-celling grievance." (citing *Daniels v. Prentice*, 741 F. App'x 342, 344 (7th Cir. 2018) (affirming the district court's conclusions after it "credited the . . . evidence [a defendant] submitted [to show failure to exhaust], including records of . . .grievance activity . . . counseling record[s], and affidavits explaining the prison's grievance procedure"))); *Daniels v. Baldwin*, 2022 WL 1768857, at *2 (7th Cir. June 1, 2022) ("the judge reasonably credited prison records, over Daniels's contrary (and inconsistent) assertions, reflecting that Daniels never filed a grievance"); *Waldrop v. Marshall*, 854 F. App'x 756, 758 (7th Cir. 2021) ("No trier of fact would be required to credit [the plaintiff's] testimony . . . and infer that the prison records were flawed.").

Herrera argues that his failure to exhaust should be excused because it was caused by the Jail's failure to properly handle his grievances, which "was out of

5

Herrera's control." R. 106 at 6. But the Court has found that Herrera did not submit the grievances. The Jail's handling of the grievances is not at issue because the Court has found that Herrera did not submit them.[1]

## Conclusion

Therefore, Defendants' motion for summary judgment [103] is granted. Herrera's cross motion for relief under *Pavey* [106] is denied.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: July 27, 2023

---

[1] Herrera's citations to B*ailey v. Cook Cnty.*, 2017 WL 4180308, at *2 (N.D. Ill. Sept. 21, 2017), and *Merritte v. Lasalle Cnty. Sherriff's Off.*, 2015 WL 8986857, at *1 (N.D. Ill. Dec. 16, 2015), are inapposite because there was no dispute that the plaintiffs in those cases filed grievances.